UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.: **24-14357-CIV-MARTINEZ**

EDGERRIN JAMES BILLIE,

    Plaintiff(s),

v.

ERIC T. BRASHAERS, in his official and
Individual capacity; ROBERT SUNKEL in
His official and individual capacity; ANTHONY
CIVITA, in his individual capacity; and ERIC
FLOWERS, in his official and individual capacity,

    Defendants.

_____/

## PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE and MOTION TO EXPAND TIME FOR SERVICE ON THE DEFENDANTS

    Plaintiff EDGERRIN JAMES BILLIE hereby files this Response to the Court's Order To Show Cause dated February 7, 2025 and also moves this Court to Expand Time for Service on the Defendants for the reasons stated herein, respectfully requests that the Court not dismiss this action.

    1. The Plaintiff brought this lawsuit against the Defendants which seeks remedies pursuant to 42 U.S.C. §§1983 and 1988, alleging violations of the First and Fourth Amendments to the Constitution of the United States of America, as well as the laws of the State of Florida.

    2. The undersigned Plaintiff's attorney's legal assistant was tasked with filing the proposed summons Docket Numbers 8-12 and with any necessary follow-up.

    3. The legal assistant quit his job without two weeks' notice on or about November 22, 2024.

4. As a result, the undersigned has had to maintain her own calendar until a suitable replacement could be hired.

5. The undersigned was made aware of this Court's order and its rule to show cause and now has a law clerk to assist in the proper administration of certain procedural notices and motions such as properly submitting subpoenas for service.

6. The proper subpoenas with the return address for the undersigned has been filed Docket Numbers 15-19.

7. Under Fed.R.Civ.P. 4(c)(l), "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." *See Hong-Diep v. Phong Ho*, 756 Fed.Appx 881(Southern District of Georgia 2018). Good cause exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *See Hong-Diep v. Phong Ho*, 756 Fed.Appx 881(Southern District of Georgia 2018).

8. However, "**even where the plaintiff does not show good cause, the facts of the case may justify an extension**, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Please See Hong-Diep v. Phong Ho*, 756 Fed.Appx 881(Southern District of Georgia 2018) *quoting Leone-Dempsey v. Carroll County Comm'rs,* 583 F.3d 1284, 1286(11th Cir. 2009)[emphasis added].

9. In the instant case, although there is no allegation that the Defendants are evading service and the Plaintiff's causes of action are well within the applicable statute of limitations, Plaintiff argues that judicial economy would give this Court discretion to expand time for service on the Defendants. Plaintiff failed to timely serve the Defendants because the undersigned was in-between legal assistants and did not get a chance to follow-up on the Clerk of Courts defect

notices.  Plaintiff would have to incur the expenses of re-filing the instant lawsuit and argues that it would be judicially economical to allow an enlargement of time to serve process on the Defendants.

10.  The undersigned prays that this Court does not dismiss this case for the aforementioned reasons.


**CERTIFICATE OF SERVICE I HEREBY CERTIFY** that on Tuesday, February 11, 2025, I electronically filed the foregoing document with the Clerk of Courts using CM/ECF.


    /s/Raven Liberty_____
Attorney for Plaintiff
Edgerrin Billie